UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

ASHMEEN MODIKHAN,

                      Debtor.

------------------------------------------------------------X
ASHMEEN MODIKHAN,

                      Plaintiff,

        v.

DARREN ARONOW, ESQ., HANIN R. SHADOOD,
COURTNEY R. WILLIAMS, ESQ., FAY SERVICING
LLC, RUSHMORE LOAN MANAGEMENT SERVICES,
INC., MARIANNE DEROSA, THE UNITED STATES
OF AMERICA, AND DOES 1-100 INCLUSIVE

                      Defendants.

------------------------------------------------------------X

Chapter 7
Case No.: 19-46591-jmm

Adv. Pro. No: 21-01009-jmm

**MEMORANDUM DECISION: (A) DENYING PLAINTIFF'S MOTION
FOR SANCTIONS AND DEFAULT JUDGMENT; (B) GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (C)
<u>DIRECTING DISGORGEMENT OF ATTORNEYS' FEES</u>**

Appearances:

**Ashmeen Modikhan**
9422 Magnolia Court, Unit 1-B
Ozone Park, NY 11417
*Pro Se Plaintiff*

**Richard F Artura, Esq.**
Phillips, Artura & Cox
165 South Wellwood Avenue
Lindenhurst, NY 11757
*Counsel for Defendant Darren Aronow, Esq.*

**INTRODUCTION**

In this adversary proceeding, Ashmeen Modikhan ("Plaintiff") sued her bankruptcy attorneys, the chapter 13 trustee, the creditors holding the mortgages on Plaintiff's real property, the attorney representing those creditors, and the United States of America alleging the defendants were part of a loan modification scheme.  The Court dismissed all claims against all defendants except for Plaintiff's malpractice claim against her bankruptcy attorney, Darren Aronow ("Defendant").  Defendant has moved for summary judgment dismissing the malpractice claim.

Plaintiff has moved for default judgment based on Defendant's delay in answering the complaint.  Plaintiff also seeks sanctions against Richard Arturo, Esq. ("Counsel"), Defendant's attorney, based on Counsel's alleged contempt of this Court's order scheduling a deposition, and Counsel's alleged abuse and harassment of Plaintiff.

For the reasons set forth herein, Defendant's motion for summary judgment is granted, and Plaintiff's motion for default judgment and sanctions is denied.

Notwithstanding that the Court is dismissing the malpractice claim and denying Plaintiff's motion for sanctions, the Court is requiring Defendant to refund his attorneys' fees to Plaintiff because he collected those fees without obtaining bankruptcy court approval as required by the Bankruptcy Code.

**JURISDICTION**

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York dated August 28, 1986, as amended by the Order dated December 5, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

The Court may hear and determine the claims asserted in this adversary proceeding because the claims arise in a case under Title 11 of the United States Code.  "Arising in" jurisdiction covers claims that "are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy" and implicates the integrity of the bankruptcy process.  *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

Plaintiff's attorney malpractice claim is based on Defendant's conduct while representing Plaintiff in connection with her chapter 13 bankruptcy case.  Accordingly, the malpractice claim arose in a case under title 11.  *See Baker v. Simpson*, 613 F.3d 346, 351 (2d Cir. 2010) (holding that a debtor's legal malpractice claims against his bankruptcy counsel based on state law but also involving conduct within the bankruptcy court are subject to the bankruptcy court's "arising in" jurisdiction.); *Grausz v. Englander*, 321 F.3d 467, 471-72 (4th Cir. 2003) (holding that a debtor's malpractice claim against the law firm that represented him in his chapter 11 case "arose in" the bankruptcy because it would "have no practical existence but for the bankruptcy.").

This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## PROCEDURAL HISTORY AND BACKGROUND

On January 29, 2021, Plaintiff filed a complaint commencing this Adversary Proceeding against: Defendant and Hanin R. Shadood (her bankruptcy attorneys); Fay Servicing LLC, Rushmore Loan Management Services, Inc. (the servicers for the mortgages on her properties), and their attorney Courtney R. Williams; Marianne Derosa (the chapter 13 trustee); the United States of America; and Does 1-100 Inclusive.  Compl., ECF No. 1.  Plaintiff alleged the defendants conspired to induce her to agree to fraudulent mortgage modifications.  Compl. 20.  Plaintiff asserted several causes of action, including claims for fraud and wire fraud.

All defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. to Dismiss, ECF No. 7; Am. Mot. to Dismiss, ECF No. 9; Mot. to Dismiss, ECF No. 20; Mot. to Dismiss, ECF No. 21; Am. Mot. to Dismiss, ECF No. 25. On August 20, 2021, Plaintiff filed an amended complaint. Am. Compl., ECF No. 77.

The Court dismissed all claims against all defendants except the attorney malpractice claim against Defendant. Mem. Decision on Def.'s Mot. to Dismiss, ECF No. 143 (the "First Memorandum Decision"); Order, ECF No. 149. Thereafter, the Court scheduled a pre-trial conference for June 16, 2022. Defendant failed to attend that conference. Accordingly, the Court entered an Order scheduling an August 2, 2022 pre-trial conference. Order Scheduling Continued Pre-Trial Conference, ECF No. 182. Defendant attended the conference but only after he was contacted by the Court's staff. Aug. 2, 2022 Hr'g Tr. 17:8 – 18:1, ECF No. 199. As Plaintiff is *pro se*, at the August 2, 2022 conference, the Court explained that each party could take discovery, including requesting documents and taking depositions. Aug. 2, 2022 Hr'g Tr. 18:25 – 20:7. The Court fixed November 4, 2022 as the deadline to complete discovery[1] and adjourned the pre-trial conference to November 17, 2024. Aug. 2, 2022 Hr'g Tr. 22:5-12; Order Scheduling Continued Pre-Trial Conference, ECF 197.

On November 3, 2022, Plaintiff requested an extension of time to complete discovery because she was involved in multiple lawsuits, is disabled, and was searching for counsel. Pl.'s Mot. for Extension of Time for Discovery, ECF No. 203. At the November 17, 2022 pre-trial conference, the Court extended the discovery deadline to January 31, 2023 and adjourned the

---

[1] The discovery deadline was fixed prematurely as Defendant had not yet answered.

pre-trial conference to February 7, 2023.  Nov. 17, 2022 Hr'g Tr. 7:21-24; 10:10-15, ECF No. 204.

On December 29, 2022, Plaintiff filed her discovery requests.  Pl.'s Request for Produc. of Docs., ECF No. 206; Pl.'s Interrogs., ECF No. 207.

On January 20, 2023, Counsel filed a notice of appearance.  Notice of Appearance and Request for Notice, ECF No. 208.

On February 3, 2023, Plaintiff moved for default judgment notwithstanding the Clerk had not yet entered the Defendant's default on the docket of the adversary proceeding.  Pl.'s Mot. for Default J., ECF No. 209.  She did not schedule a hearing on the motion.  *See* Pl.'s Mot. for Def. J..  Defendant answered the Amended Complaint three days later.  Def.'s Answer to Am. Compl., ECF No. 210.

At the February 7, 2024 continued pre-trial conference, the Court denied Counsel's request to strike the motion for default judgment but advised the Plaintiff that her motion would not be considered until she put the motion on the Court's calendar.  Feb. 7, 2023 Hr'g Tr. 5:4-22, ECF No. 212.

Regarding the status of discovery, notwithstanding that Defendant, an attorney, was present at the August 2, 2022 and November 17, 2022 pre-trial conferences and the November 4, 2022 discovery deadline was memorialized in a Court Order, Counsel claimed he was unaware of any discovery deadline and acknowledged he had not served his requests for discovery timely. Feb. 7, 2023 Hr'g Tr. 8:9-15.  Plaintiff also acknowledged she required additional time to complete discovery.  Feb. 7, 2023 Hr'g Tr. 7:20-8:5.  Both parties agreed to continue with discovery, albeit Plaintiff articulated an intent to proceed with her motion for default judgment. Feb. 7, 2023 Hr'g Tr. 9:14–10:6.

The Court adjourned the pre-trial conference to April 11, 2023 and advised Plaintiff she could notice a hearing on her motion for default judgment for that same date. Feb 7, 2023 Hr'g Tr. 11:9-13, 12:25. The Court indicated it would not set a deadline to complete discovery until after hearing Plaintiff's motion for default judgment. Feb. 7, 2023 Hr'g Tr. 10:10-17, 12:21-13-6.

On March 13, 2023, Plaintiff filed an Objection to Defendant's Notice of Deposition. Pl.'s Obj. to Notice of Dep. and Notice of Disc. ("Objection"), ECF No. 214. Plaintiff argued the Notice of Deposition was untimely, even though the Court previously announced it was not setting a discovery deadline. Objection ¶¶ 6-8, 10. Additionally, Plaintiff alleged that Counsel had been "aggressive, intimidating and threatening in his correspondence." Objection ¶ 9.

On May 11, 2023, the Court held a continued pre-trial conference. The Court noted that Plaintiff had not scheduled a hearing on her motion for default judgment and declined to consider the motion. May 11, 2023 Hr'g Tr. 4:5-7, ECF No. 219. Counsel reported he had complied with Plaintiff's discovery demands but Plaintiff had not complied with Defendant's discovery demands and Plaintiff had not yet sat for a deposition. May 11, 2023 Hr'g Tr. 6:1-6. Plaintiff accused Defendant's counsel of lying, May 11, 2023 Hr'g Tr. 7:1-4, but Defendant's account is consistent with the emails Plaintiff attached to her Objection to Deposition Notice. *See* Objection ¶ 10-16. Ultimately, the Court fixed June 29, 2023 as the date for Defendant to depose Plaintiff. May 11, 2023 Hr'g Tr. 22:17-18. The parties agreed the deposition would be virtual. May 11, 2023 Hr'g Tr. 29:13-15. The Court accommodated Plaintiff's requests that her Americans with Disabilities Act ("ADA") Advocate be present at the deposition. May 11, 2023 Hr'g Tr. 22:17 – 23:7, 28:1-29:20. The Court continued the pre-trial conference to August 17,

2023 and fixed August 10, 2023 as the deadline to complete discovery.  May 11, 2023 Hr'g Tr. 32:10-16.

At the continued pre-trial conference held on August 17, 2023, Plaintiff informed the Court that she "just learned" she had to depose the Defendant and requested additional time to take the deposition.  Aug. 17, 2023 Hr'g Tr. 3:20-25, ECF No. 223.  The Court extended Plaintiff's time to depose Defendant and granted Defendant's request that the deposition be conducted virtually.  Aug. 17, 2023 Hr'g Tr. 6:20-7:5.  The parties agreed on a September 13, 2023 deposition date.  Aug. 17, 2023 Hr'g Tr. 8: 18-25, ECF 223.  The Court adjourned the pre-trial conference to September 21, 2023.  Aug. 17, 2023 Hr'g Tr. 11:11-15.

Plaintiff failed to appear at the September 21, 2023 conference.  Sept. 21, 2023 Hr'g Tr. 2:17-3:2, ECF No. 228.  Counsel reported he had been contacted by Plaintiff's ADA Advocate on September 12, 2024, and was advised that Plaintiff would be unable to depose Defendant on September 13, 2024.  Sept. 21, 2023 Hr'g Tr. 4:12-21.  Counsel noted that he had denied the ADA advocate's request for an extension of time for Plaintiff to depose Defendant.  Sept. 21, 2023 Hr'g Tr. 4:23-25.  Counsel then requested the Court to dismiss the adversary proceeding based on Plaintiff's failure to prosecute.  Sept. 21, 2023 Hr'g Tr. 5:6-9.  The Court denied Counsel's request.  Sept. 21, 2023 Hr'g Tr. 5:9-12.  Counsel also reported he had completed discovery and requested permission to file a motion for summary judgment.  Sept. 21, 2023 Hr'g Tr. 3:25-4:4, 7:14-20.  The Court permitted Counsel to schedule a December 12, 2023, hearing on his motion for summary judgment, provided the motion was filed by November 10, 2023.  Sept. 21, 2023 Hr'g Tr. 9:7-10.

On September 29, 2023, Plaintiff filed a letter requesting an extension of time to depose the Defendant.  Pl.'s Letter Requesting Enlargement of Time 3, ECF No. 227.  The Court

7

scheduled a November 7, 2023 hearing to consider the request.  Order Scheduling Hr'g on Debtor's Req. for an Enlargement of Time for Disc., ECF No. 238.

At the November 7, 2023 hearing, Plaintiff stated she became ill on August 27, 2023, and had been unable to attend hearings or depose the Defendant.  Nov. 7, 2023 Hr'g Tr. 10:11-24, ECF No. 252.  She expected she would be able to depose Defendant in December.  Nov. 7, 2023 Hr'g Tr. 17:20-23.  For his part, Counsel requested additional time to file the motion for summary judgment.  Nov. 7, 2023 Hr'g Tr. 4:5-12.  The Court extended Plaintiff's time to depose Defendant to December 18, 2023.  Nov. 7, 2023 Hr'g Tr. 20:25–21:5.  Due to the history of discovery disputes, the Court outlined a procedure for scheduling the deposition and entered an Order.  *See* Nov. 7, 2023 Hr'g Tr. 21:10-22; Order Scheduling Continued Pre-Trial Conference, Directing Pl.'s Dep., And Establishing Deadlines, ECF No. 245 (the "Deposition Order").  The Deposition Order States:

> **ORDERED**, that Plaintiff's deposition of Defendant shall be conducted by December 18, 2023. The deposition shall not exceed two (2) hours, exclusive of breaks requested by Defendant; and it is further

> **ORDERED**, … Plaintiff shall suggest three (3) dates and times for the deposition to [Counsel] by email by November 17, 2023; and it is further

> **ORDERED**, that within two (2) days of receipt of Plaintiff's email, [Counsel] shall choose a date and time from the suggested dates. If Defendant or his counsel are not available on any of the suggested dates, the parties shall confer in good faith to agree on a mutually acceptable date. If the parties are unable to agree upon a date, Plaintiff shall advise the Court by filing a letter on the docket of the adversary proceeding and emailing a copy of the letter to JMM_Hearings@nyeb.uscourts.gov;

Deposition Order 1-2.  The Deposition Order also extended Plaintiff's time to respond to any motion for summary judgment until January 26, 2023 and adjourned the pre-trial conference to February 8, 2024.  Deposition Order 2.

On November 13, 2023, Counsel filed a motion for summary Judgment. Def.'s Mot. for Summ. J., ECF No. 242. On that same date, Plaintiff emailed Counsel and suggested December 11, 12, and 13, 2023 as deposition dates. Pl.'s Mot. for Sanctions Ex. A, ECF No. 253. Counsel responded with an email stating "I am out of state on those three dates. You must pick another three." Pl.'s Mot. for Sanctions Exs. B & C. Plaintiff advised Counsel he was not in compliance with the Deposition Order, that he was out of town was irrelevant as the deposition would be virtual, and he should seek a modification of the Deposition Order if he required more time. *Id.* Ex. D. Counsel responded that he was available on November 29, 2023 and December 13, or 14, 2023. *Id.* Exs. E & F. On November 16, 2023, Plaintiff emailed Counsel and agreed to schedule the deposition for December 14, 2023. *Id*. Ex. G. However, on November 20, 2023, Counsel informed Plaintiff that Defendant's surgery had been rescheduled and he would be unavailable for a December 14, 2023 deposition. *Id.* Ex. H. Counsel suggested December 7, 2023 and December 8, 2023 as alternative deposition dates. *Id*.

On December 8, 2023, Counsel docketed a letter advising the Defendant was not available for a deposition on the dates suggested by Plaintiff because the Defendant was scheduled for back surgery. Def.'s Letter regarding Status of Scheduling Deps., ECF No. 247. On December 11, 2023, Plaintiff filed a letter stating she had complied with the Deposition Order's procedures for scheduling Defendant's deposition but had been rebuffed by Defendant. Letter regarding Pl's Notice of Compliance with Court Order dated 11/21/23, ECF No. 248.

On December 18, 2023, Plaintiff filed a motion for default and for sanctions. Pl.'s Mot. for Sanctions, ECF No. 253 (the "Sanctions Motion"). This is described more fully below. Defendant filed opposition to the Sanctions Motion on December 21, 2023. Def's Aff. in

Opp'n,, ECF No. 257.  On January 19, 2024, Plaintiff filed her reply to Defendant's Objection to the Sanctions Motion.  Pl.'s Aff. in Opp. to Pl.'s Mot. for Sanctions, ECF No. 277.

On January 17, 2024, Plaintiff filed her objection to Defendant's motion for summary judgment claiming the motion was premature as discovery had not yet been completed because Defendant had not appeared for his deposition.  Pl.'s Obj. to Def. for Mot. Summ. J., ECF. No. 272.

At a January 23, 2024 conference, the Court further extended Plaintiff's deadline to depose the Defendant.  Jan. 23, 2024 Hr'g Tr. 3:8-25, ECF No. 279.  The parties agreed that Plaintiff would depose Defendant on February 21, 2023.  Jan. 23, 2024 Hr'g Tr. 5:24-6:6.  The Court adjourned the pre-trial conference to March 19, 2024 and informed the parties that the Court would schedule hearings on the motion for summary judgment and the Sanctions Motion at that March conference.  Jan. 23, 2024 Hr'g Tr. 6:22-7:5, 12:7-10.

On February 6, 2024, Plaintiff supplemented her objection to the motion for summary Judgment.  Pl.'s Supp. to Obj. to Def. Mot. for Summ. J., ECF No. 284.

Defendant replied to Plaintiff's objections to the Motion for Summary Judgment on May 7, 2024.  Def.'s Reply, ECF No. 298.  Due to requests from both parties and due to the Court's schedule, the hearings on the motions for summary judgment and the Sanctions Motions were adjourned from time to time.

On September 17, 2024, the Court heard argument on the Motion for Summary Judgment and the Sanctions Motion.  On September 18, 2024, Plaintiff filed a letter reiterating her objections to the Motion for Summary Judgment and in further support of her Sanctions Motion.  Pl.'s Obj. to Def.'s Mot. for Summ. J., ECF No. 299.

## I. DECISION DENYING PLAINTIFF'S MOTION FOR
## SANCTIONS AND DEFAULT JUDGMENT

a. Background Specific to the Sanctions Motion

By the Sanctions Motion, Plaintiff seeks entry of default against Defendant and sanctions against Counsel. Sanctions Motion, ECF No. 253. The Plaintiff alleges that Defendant and Counsel failed to appear for the December 14, 2023 deposition and Counsel contacted the court reporter to reschedule the deposition without Plaintiff's consent. Sanctions Motion ¶¶ 1-3, 22. Plaintiff alleges that Counsel's suggestion of December 18, 2023 as an alternative deposition date was disingenuous because Plaintiff previously advised him that she was unavailable on that date. Sanctions Motion ¶ 25. Plaintiff also alleges the Defendant is in contempt of the Deposition Order by failing to choose a deposition date from the three dates suggested by Plaintiff. Sanctions Motion ¶¶ 4-7. Further, Plaintiff alleges Counsel used threatening language toward Plaintiff, stating that he "will NOT agree to any further extensions." Sanctions Motion ¶ 8. Plaintiff alleges she lost money scheduling a deposition that the Defendant did not attend. Sanctions Motion ¶ 21.

In opposition to the Sanctions Motion, Counsel concedes that Plaintiff complied with the Deposition Order but counters that he was unable to schedule the deposition for the dates suggested by Plaintiff because he was on vacation. Def.'s Aff. in Opp'n. ¶ 5, ECF No. 257. Counsel admits that Plaintiff agreed to reschedule the deposition for December 14, 2023. Def.'s Aff. in Opp'n. ¶ 4. However, the December 14, 2023 deposition had to be rescheduled because Defendant required surgery and was not discharged from the hospital until December 14, 2023. Def.'s Aff. in Opp'n. ¶ 6. Counsel alleges that Plaintiff offered no explanation as to why she would be unavailable to depose Defendant on December 18, 2023. Def.'s Aff. in Opp'n. ¶ 9.

In Plaintiff's reply, she notes that Counsel failed to inform the Court at the November 21, 2023 hearing that Defendant was scheduled for surgery and Counsel would be on vacation in December.  Pl.'s Resp. to Def.'s Aff. in Opp'n ¶ 3, ECF No. 277.  Plaintiff alleges that Counsel knew she would miss the September 21, 2023 conference due to her illness and did not inform the Court.  Pl.'s Reps. to Def.'s Aff. in Opp'n ¶ 8.  Plaintiff alleges that Defendant's motion for summary judgment was intended to intimidate Plaintiff as Defendant requested permission to make the motion in Plaintiff's absence at the September 21, 2023.  *Id*. at. ¶ 5.

Plaintiff claims the Court violated her due process rights by conducting the September 21, 2023 hearing in her absence.  *Id*. at ¶ 9.  Although Plaintiff alleges her ADA advocate advised the Court of Plaintiff's inability to attend the September 21, 2023 hearing, *Id*. at ¶ 5, she acknowledges her ADA advocate did not contact the Court until "later that afternoon" which would have been after the hearing's conclusion.  *Id*. at ¶ 7.  Plaintiff also complains the Court put her on the spot at the February 7, 2023 hearing "by asking if Ms. Modikhan wanted her to rule on her motion or allow discovery."  *Id*. at ¶ 16.  Plaintiff's recollection is inaccurate.  The Court instructed that it would not rule on Plaintiff's motion for default judgment until she scheduled a hearing.  Feb. 7, 2023 Hr'g Tr. 4:5-12, ECF No. 212.  Plaintiff was given the option of proceeding with discovery pending a hearing on the motion for default judgment or holding discovery in abeyance pending a hearing on the motion.  Feb. 7, 2023 Hr'g Tr. 9:14-17.

Plaintiff made additional allegations of wrongdoing by Defendant and Counsel in her objections to Defendant's motion for summary judgment, which the Court will consider in connection with this decision on the Sanctions Motion.  The Plaintiff alleged:

- Defendant engaged in dilatory conduct by failing to answer the complaint until almost a year after the deadline.  Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 5(i), ECF No. 297; Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 33, ECF No. 284.

- Defendant failed to respond to Plaintiff's discovery requests timely and served discovery after the Court's discovery deadline.  Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 5(ii), ECF No. 297; Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 34, ECF No. 284.

- Defendant failed to appear for his deposition as originally scheduled.  Pl.'s Second Supp. to Obj. to Def. Mot. for Summ. J.¶ 5(iii), ECF No. 297; Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 35, ECF No. 284.

- When Defendant appeared for deposition, Defendant claimed he did not know the answer to many of Plaintiff's inquiries and refused to answer certain questions.  Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶¶ 6-9, 11, 12, 15, ECF No. 297.

b. Legal Standards Regarding the Imposition of Sanctions

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt . . . it is firmly established that the power to punish for contempts is inherent in all courts and this power is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

*Worms v. Rozhkov* (*In re Markus*), 78 F.4th 554, 564 (2d Cir. 2023) (internal citations and quotations omitted).  To obtain sanctions for contempt of a court's order, "'a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'"  *Worms*, 78 F.4th at 566 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).

A court's inherent power to impose civil contempt sanctions must only be compensatory or coercive, and may not be punitive.  *Worms*, 78 F.4th at 556 (citing *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 144 (2d Cir. 2014)).  Additionally, a court's inherent authority to sanction an attorney for misconduct may require a finding of bad faith.  As stated by the Second Circuit Court of Appeals:

When a district court invokes its inherent power to impose attorney's fees or to punish behavior by an attorney in 'the . . . conduct of the litigation,' which actions are taken on behalf of a client, the district court must make an explicit finding of

> bad faith.  But, when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power."

*United States v. Seltzer*, 227 F.3d 36, 41-42 (2d Cir. 2000) (internal citations omitted).  In other words, when an attorney's misconduct falls within her "role as an advocate for . . . her client," as opposed to her role "as an officer of the court," a finding of bad faith is required to sanction pursuant to inherent authority.  *See Seltzer*, 227 F.3d at 40-41.  In addition to its inherent powers, Section 1927 of Title 28 authorizes the court to impose sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  "Section 1927 authorizes the imposition of sanctions when "there is a clear showing of bad faith on the part of an attorney."  *Shafi v. British Airways PLC*, 83 F.3d 566, 571 (2d Cir. 1996).

Whether under Section 1927 or the Court's inherent power, bad faith may be inferred and sanctions may only be awarded if the attorney's "actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).  The *Schlaifer Nance* court also noted:

> We are cognizant of the unique dilemma that sanctions present.  On the one hand, a court should discipline those who harass their opponents and waste judicial resources by abusing the legal process.  On the other hand, in our adversarial system, we expect a litigant and his or her attorney to pursue a claim zealously within the boundaries of the law and ethical rules.

*Id.* at 341.

Further, Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes a court to issue "just orders" in response to a party's contempt of an order to provide discovery, including prohibiting the disobedient party from supporting or opposing designated claims or defenses, and rendering a default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2).  District

courts have imposed punitive monetary sanctions on attorneys under the "just orders" clause, albeit the Second Circuit Court of Appeals has not determined whether such sanctions are proper. *PHH Mortgage Corp. v. Sensenich (In re Gravel)*, 6 F.4th 503, 515 (2d Cir. 2021); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023 (CBA)(RLM), 2010 WL 3173785, at *3, 11 (E.D.N.Y. Aug. 11, 2010) (imposing a non-compensatory fine of $25,000 and stating "[a] court may . . . levy monetary sanctions against a violating party in lieu of or in addition to the sanctions outlined in Rule 37(b)(2)(A).").

Moreover, Rule 37(d) of the Federal Rules of Civil Procedure permits a court to sanction a party that fails to appear to be deposed. FED. R. CIV. P. 37(d)(1)(A)(i). Additionally, under Rule 37, a party may obtain an order to compel a witness to answer questions posed at a deposition. FED. R. CIV. P. 37(a)(1), 37(a)(3)(B)(i). An evasive or incomplete answer is treated as a failure to answer. FED. R. CIV. P. 37(a)(4). If the court orders a deponent to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. FED. R. CIV. P. 37(b)(1).

c. Application of Legal Standard

The Defendant is not in contempt of the Deposition Order. The Deposition Order contemplated the Defendant might not be available for a deposition on any of the three dates suggested by Plaintiff. Deposition Order 1, ECF No. 245. In that instance, the Deposition Order directs the parties to confer in good faith. *Id.* Counsel responded to Plaintiff's email that proposed the three potential deposition dates (as required by the Deposition Order) with an email stating "I am out of state on those three dates. You must pick another three." Sanctions Motion, Exs. B & C, ECF No. 253. The email is terse and unfriendly but not in bad faith. Ultimately, the parties conferred and agreed to a December 14, 2023 deposition date. Accordingly, Plaintiff has

failed to prove by clear and convincing evidence that Defendant failed to comply with the Deposition Order.

The Court will not sanction the Defendant for his failure to appear for the December 14, 2023 deposition. His hospitalization constitutes substantial justification for failing to appear. Additionally, the Plaintiff was notified that Defendant would be unable to attend the deposition but did not cancel the Court reporter. Sanctions Motion, Ex. H. For those reasons, the Court will not award costs to Plaintiff or otherwise sanction Debtor or Counsel for failing to appear at the December 14, 2023 deposition.

Plaintiff requests the Court sanction Counsel because he is abusive. The Court reviewed the emails attached to the Sanctions Motion. They are terse but do not cross the line from zealous advocacy to abuse. Additionally, the Court reviewed the emails attached to the Plaintiff's Objection to Defendant's Notice of Deposition and Notice of Discovery. Those emails are not abusive. To the contrary, the emails indicate that Plaintiff failed to acknowledge receipt of discovery requests, failed to confirm that she would be attending her deposition, and, proclaimed that she did not intend to appear for her March 28, 2023 deposition because she had "a personal emergency and also other matters that take precedence." Objection 15, ECF No. 214. Lastly, Defendant's motion for summary judgment is not abusive. As set forth below, Defendant is entitled to summary judgment and Plaintiff was afforded notice and an opportunity to object to the motion.

Defendant's failure to answer questions at the deposition could be a violation of Rule 37. However, Plaintiff has not provided the Court with a transcript of the deposition. Absent a review of the responses in the context of the deposition, the Court cannot determine whether the Defendant failed to answer questions truthfully or completely.

Plaintiff is not entitled to sanctions based on Defendant's alleged service of discovery requests after the discovery deadline. The Court extended the time for both parties to take discovery. The Court will not sanction Defendant for failing to respond to discovery timely as neither party timely responded to discovery.

d. Legal Standards for Default Judgment

Rule 55 of the Federal Rules of Civil Procedures applies in adversary proceedings pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure. *See* FED. R. BANKR. P. 7055. Pursuant to Rule 55, obtaining a default judgment is a two-step process. *See* FED. R. CIV. P. 55. "First, when 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.'" *Kantor v. Air Atl. Med., P.C.*, Case No. 19-CV-03597 (EK)(ST), 2021 U.S. Dist. LEXIS 126833 at *4 (E.D.N.Y. July 7, 2021) (quoting FED. R. CIV. P. 55 (a)). "Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment." *Kantor*, 2021 U.S. Dist. LEXIS 126833 at *4 (citing FED. R. CIV. P. 55 (b)(2) & (c)).

Although a defendant in default is deemed to have admitted the well-pleaded allegations in the complaint as to liability, the Court retains discretion in determining whether a final default judgment is appropriate. *Kantor*, 2021 U.S. Dist. LEXIS 126833 at *4-5; *see O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) ("The decision to grant a motion for default judgment lies in the sound discretion of the trial court."). Even if the defendant defaults, it is the plaintiff that bears the burden of establishing the defendant's liability on each cause of action based upon the unchallenged allegations and all reasonable inferences drawn from the evidence. *Kantor*, 2021 U.S. Dist. LEXIS 126833. at *5; *see Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (Court

may not enter default unless it determines that "plaintiff's allegations establish [defendant]'s liability as a matter of law.").

"The Second Circuit has a 'strong preference for resolving disputes on the merits,' and cautions that 'defaults are generally disfavored and are reserved for rare occasions.'" *Carden v. Debt Mgmt. Partners, LLC*, Case No. 20-CV-679JLS(F), 2022 U.S. Dist. LEXIS 14543, at *5-7 (W.D.N.Y. Jan. 26, 2022) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

<u>e. Application of Legal Standards</u>

As set forth above, Plaintiff previously filed a motion for default judgment but failed to notice the motion for a hearing. *See* Pl.'s Mot. for Default J., ECF No. 209. Additionally, the motion was made before the default was noted. The Defendant answered the Amended Complaint within three days of the motion being filed and Defendant had engaged with Plaintiff on discovery issues prior to filing the answer. Def.'s Answer to Am. Cmplt., ECF No. 210. Therefore, it does not appear that Defendant's long delay in answering the Amended Complaint caused undue prejudice to Plaintiff. Further, Plaintiff failed to schedule a hearing on her original motion for default judgment. Instead, ten months later, Plaintiff filed the Sanctions Motion also seeking a default judgment. Sanctions Motion, ECF No. 253. Plaintiff's delay in seeking the relief is an additional reason for denying her request for a default judgment. Additionally, as set forth below in the Court's decision on Defendant's motion for summary judgment, Plaintiff is not entitled to a judgment against Defendant for malpractice.

## **<u>CONCLUSION</u>**

Plaintiff's motion for sanctions and default judgment is denied. Defendant is directed to submit a proposed order in conformity with this decision within fourteen days of entry of this memorandum.

## II. DECISION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

a. Additional Procedural History and Background Related to the Motion for Summary Judgment

A description of all of Plaintiff's claims against the Defendant is included in the First

Memorandum Decision.  *See* First Mem. Decision, ECF No. 143.  Only a summary of the

malpractice claim is included here.

In her Amended Complaint, Plaintiff alleged that Defendant and his employees

perpetrated a fraud by pushing her to apply for mortgage modifications for her two properties

and Defendant failed to investigate the mortgages on Plaintiff's properties or object to the proofs

of claim filed by the mortgagees.  First Mem. Decision 14.  Plaintiff also alleged that Defendant

and his employees failed to communicate with her and gave her bad advice.  *Id*.  Additionally,

Plaintiff alleged that Defendant charged her $1,000 per month in attorney's fees for the loan

modification services without disclosing the fees.  *Id*.

The Court held that none of the allegations in the Amended Complaint supported claims

for malpractice, except:

> Plaintiff alleges she was counseled to make simultaneous chapter 13 plan
> payments and trial loan modification payments. (ECF No. 105 at 5.)  The Court
> takes judicial notice of the chapter 13 plan, filed by [Defendant] on Plaintiff's
> behalf, which provides that "[c]ontemporaneous with the commencement of a
> trial loan modification, the debtor(s) will amend the chapter 13 Plan and Schedule
> J to reflect the terms of the trial agreement, including the direct payment to the
> secured creditor going forward by the debtor(s)." (Bankruptcy 19-46591, ECF
> No. 32 at §§ 3.3, 9.1.).  No amendments to the chapter 13 plan or schedules were
> filed. As a result, Plaintiff paid both the chapter 13 Trustee and [the trial
> modification payments due on the home mortgage]. On this record, the Court
> cannot determine that, as a matter of law, [Defendant] was not required to amend
> the chapter 13 plan once trial modification payments commenced. Additionally,
> Plaintiff alleged [Defendant] collected postpetition attorneys' fees without
> obtaining prior bankruptcy court approval, which is barred by Bankruptcy Code
> sections 330 and 331.
>
> Plaintiff's pleadings allege pecuniary damages caused by the purported negligent
> acts.  [Defendant's] advice caused the Plaintiff to pay trial loan modification

> payments in the amount of $5,916.84 to Rushmore that Plaintiff cannot recover from Rushmore. Additionally, the advice caused Plaintiff to continue to make chapter 13 plan payments. Although the chapter 13 Trustee already refunded the plan payments, Plaintiff was not entitled to recover the chapter 13 fees from the chapter 13 Trustee. Further, although [Defendant] claims all attorney's fees have been returned to Plaintiff, Plaintiff alleges she is owed an additional $1,435.

> For purposes of clarification, this decision is not meant to give the impression Plaintiff will succeed in her claims against [Defendant] for legal malpractice. This decision only holds that Plaintiff has alleged enough facts as to [Defendant] to satisfy the pleading standards for legal malpractice.

*Id.* at 40-41.

b. Defendant's Motion for Summary Judgment

Defendant argues that Plaintiff cannot succeed on her malpractice claims because she suffered no damages.  *See* Def.'s Mot. for Summ. J. 14, ECF No. 242.  Defendant acknowledges he did not amend the chapter 13 plan once the Plaintiff received a trial loan modification.  Def.'s Mot. for Summ. J. 9.  However, Defendant contends the Plaintiff made trial modification payments for only two months; September and October 2020.  *Id.* Defendant then states:

> Thereby the debtor was caused to incur additional commissions by her making the additional two (2) plan payments, also for September and October 2020, to the trustee of $4800 each, or $9,600, equating to damages of ($9,600 x .0821) or $788.16.  The undersigned is holding the Defendant's deposit of $788.16 in escrow in the firm's IOLA account at Chase Bank.  As this amount will be paid over to the Plaintiff upon instruction from the Court, there are no remaining damages, and this part of the malpractice claim must be dismissed as no pecuniary loss exists and "under New York law, a plaintiff's recovery for legal malpractice is limited to pecuniary damages as opposed to damages related to emotional distress.

*Id.*

Defendant denies his employees failed to respond to Plaintiff's inquiries promptly.  Def.'s Mot. for Summ. J. 9.  Also, Defendant claims he effectively represented Plaintiff by, among other things, preventing her chapter 13 bankruptcy case from being dismissed and by negotiating a loan modification for Plaintiff's home mortgage.  *Id* at 9-10.  Defendant argues that even assuming his

employees were inattentive or gave Plaintiff erroneous advice, none of those errors caused Plaintiff to suffer damages. *Id*. at 10. Rather, Plaintiff's determination to convert her case to chapter 7, terminate the loan modification agreement for her home, and disengage from loss mitigation for her investment property is the cause of Plaintiff's monetary loss. *Id*. at 10-11.

c. Plaintiff's Objections to Defendant's Motion for Summary Judgment

In her objection and supplemental objection, Plaintiff argues the motion for summary judgment should be denied and the Court should permit Plaintiff's attorney malpractice claims to proceed to trial. In summary, Plaintiff alleges that Defendant committed attorney malpractice by:

- Failing to: investigate whether the holders of the mortgages on her properties were in possession of the notes and mortgage (Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶¶ 5(vii), 5(x), ECF No. 297); investigate and object to the proofs of claim filed on behalf of the two mortgagees (Pl. Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶¶ 5(xi), 5(xii), 5(xiv); Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶¶ 17(b), 18(a), 20(b), ECF No. 284); object to the mortgagees' motions for relief from stay (Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 5(xiii), ECF No. 297, Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶¶ 17(b), 22(c), ECF No. 284); seek disqualification of mortgagee's counsel (Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 5(xiii), ECF No. 297).

- Failing to supervise his staff (Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶¶ 5(iv), 5(v), ECF No. 297). In that connection, Plaintiff alleges: Defendant's employees requested financial information from Plaintiff's adult children who had no legal ties to Plaintiff's real properties (Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 22(a), ECF No. 284); and Defendant's employees requested a substantial down payment "as if the loan was being refinanced and not modified" (*Id.* at ¶ 22(b)).[2]

- Failing to answer timely Plaintiff's questions respecting the loan modifications and her chapter 13 plan. (Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶¶ 5(viii), ECF No. 297; Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 21(a), ECF No. 284).

---

[2] Plaintiff references an Exhibit H, however, no Exhibit H is attached to the pleading.

- Failing to inform Plaintiff that Defendant's employee, Hanin R. Shadood, had been hired by the chapter 13 Trustee assigned to Plaintiff's bankruptcy case. (Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 5(ix), ECF No. 297).

- Filing a schedule of Plaintiff's assets that: stated that Plaintiff had $63,000 in a checking account when the balance was $1,700.78. (Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 15(a), ECF No. 284); and, failed to disclose Plaintiff's worker's compensation settlement and personal injury claim. (*Id.* ; Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 5(xiv), ECF No. 297).

- Attempting to obtain a loan modification for her investment property without filing a request with the Court for loss mitigation or Court Order authorizing loss mitigation for that property (Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 22, ECF No. 284); and participating in a "loan modification scam" (Pl.'s Supp. To Obj. to Def.'s Mot. for Summ. J. at 13).

- Counseling Plaintiff to make chapter 13 plan payments in addition to trial modification payments and failing to promptly amend her chapter 13 plan to reflect the modification (Pl.'s Supp. To Obj. to Def.'s Mot. for Summ. J. ¶¶ 13, 17(a), 17(b)); and, counseling Plaintiff to use the proceeds of Plaintiff's worker's compensation settlement for loan modification payments notwithstanding the proceeds are exempt property (Pl.'s Supp. To Obj. to Def.'s Mot. for Summ. J. ¶ 15).

Plaintiff also alleged Defendant is party to a Consent Agreement with the Maryland Commissioner of Financial Regulation, dated April 29, 2019. Pl.'s Second Supp. to Obj. to Def.'s Mot. for Summ. J. ¶ 12, ECF No. 297; Pl.'s Supp. To Obj. to Def.'s Mot. for Summ. J. at ¶¶ 28(a)-(f), Exhibit I, ECF No. 284. The Consent Agreement alleged Defendant improperly charged upfront fees for loan modifications. Pl.'s Supp. to Obj. to Def.'s Mot. for Summ. J. at ¶¶ 28(a)-(f), Exhibit I.

Mostly all allegations made in Plaintiff's objections to the motion for summary judgment were made by Plaintiff in her Amended Complaint or in her objections to the motions to dismiss and were addressed in the First Memorandum Opinion that held that those allegations, even if true, did not state a claim for attorney malpractice.

d. Standards for Summary Judgment

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

"In ruling upon a summary judgment motion, the court's job is not to resolve disputed issues of fact, but to determine whether a genuine issue of fact exists." *Bethpage Fed. Credit Union v. Freidman (In re Kabbalah Taxi Inc.)*, Adv. Pro. No. 18-1016 (cec), 2018 Bankr. LEXIS 2226, at *5 (Bankr. E.D.N.Y. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986)). "When viewing the evidence, the court must 'assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [the non-movant's] favor.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting *Delaware & Hudson Ry. Co. v. Consol. Rail Corp*., 902 F.2d 174, 177 (2d Cir. 1990)).

The party seeking summary judgment bears the initial responsibility of informing the court of "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (*quoting Anderson,* 477 U.S. at 250). However, there is no requirement that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex Corp.*, 477 U.S. at 323.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." . . .  Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.*, 477 U.S. at 324 (internal citations omitted).

e. Legal Standard for Attorney Malpractice Claim

Under New York State law, the elements of a legal malpractice claim are: "(1) an attorney-client relationship at the time of the alleged malpractice; (2) attorney negligence; (3) proximate causation and (4) actual damage to the client." *Bryant v. Silverman*, 284 F. Supp. 3d 458, 470 (S.D.N.Y. 2018).  To prevail on a malpractice claim under New York law, a plaintiff must demonstrate the elements of the claim by a preponderance of the evidence. *Shaklee Corp. v. Oberman*, 91 Civ. 6870 (MEL), 1994 U.S. Dist. LEXIS 1175 at *5-6 (S.D.N.Y. Feb. 8, 1994) (citing *Marshall v. Nacht*, 172 A.D.2d 727, 569 N.Y.S.2d 113 (2d Dept. 1991).[3]

Respecting the "attorney negligence" element, "[a]n attorney is negligent if it is shown that he 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession.'" *Rubens v. Mason*, 387 F.3d 183, 189 (2d Cir. 2004) (quoting *McCoy v. Feinman*, 755 N.Y.S.2d 693,697, 785 N.E.2d 714 (N.Y. 2002)).  "Generally, an attorney may only be held liable for 'ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (quoting *Bernstein v. Oppenheim & Co.,* 160 A.D.2d 428, 430, 554 N.Y.S.2d 487 (App. Div. 1st Dep't 1990)).

---

[3] Bankruptcy courts apply the burden of proof that would be applied by the State court because the burden of proof is a substantive, not procedural, aspect of the claim.  *In re Osuji*, Case No. 15-75534-AST, 2019 Bankr. LEXIS 3440 at *6 (Bankr. E.D.N.Y. Nov. 4, 2019) (citing *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20-21 (2000)).

Respecting the elements of proximate cause and actual damages in a malpractice case, the plaintiff "must meet a 'case within the case' requirement, demonstrating that 'but for' the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages." *Rubens*, 387 F.3d at 189-190 (quoting *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 272 780 N.Y.S.2d 593 (App. Div. 1st Dep't. 2004)). "In addition to showing 'but for' cause, the plaintiff must show that a harm was within the ambit of reasonably foreseeable risk." *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 199 F. Supp. 3d 818, 830 (S.D.N.Y. 2016) (citing *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013)). Furthermore, "[a] defendant is only responsible to 'those with respect to whom his acts were a substantial factor in the sequence of responsible causation.'" *MF Global Holdings Ltd.*, 199 F. Supp. 3d at 830 (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013)). The "causation requirement, a high bar to attorney malpractice liability, seeks to insure a tight causal relationship exists between the claimed injuries and the alleged malpractice." *Flutie Bros. v. Hayes*, No. 04 Civ. 4187 (DAB), 2006 WL 1379594, at *5 (S.D.N.Y. May 18, 2006) (internal citations and quotations omitted).

"Where there exist intervening acts between the defendant's conduct and the plaintiff's injury, 'the causal connection is not automatically severed.' In that case, 'liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by this defendant's negligence.'" *MF Glob. Holdings Ltd.*, 199 F. Supp. 3d at 830 (quoting *Derdiarian v. Felix Contracting Corp.*, 434 N.Y.S.2d 166, 169, 414 N.E.2d 666 (N.Y. 1980)). "If the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, it may well be a

superseding act which breaks the causal nexus." *Derdiarian*, 434 N.Y.S.2d at 166, 414 N.E. at 670.

Under New York law, a "plaintiff suing in malpractice [under New York law] can recover only pecuniary loss but not for mental or psychological suffering." *Bryant*, 284 F. Supp. 3d at 474; *see Galu v. Attias*, 923 F. Supp. 590, 597 (S.D.N.Y. 1996)).

f. Application of Legal Standards

In her objections to the motion for summary judgment, Plaintiff repeats the arguments that the Court rejected in its First Memorandum Decision.  Specifically, the First Memorandum Decision states:

> Plaintiff alleges [Defendant] and Shadood committed malpractice by failing to object to the Proofs of Claim or the Lift-Stay Motion, collaborating with Fay and Rushmore, enrolling Plaintiff in the Bankruptcy Court's loss mitigation program for the Residential Property, using loss mitigation for the Investment Property outside of the Bankruptcy Court's loss mitigation program, counseling Plaintiff to use exempt funds to make chapter 13 plan payments and loss mitigation payments, and advising Plaintiff's adult children to contribute to Plaintiff's monthly income.  Plaintiff also claims [Defendant] committed malpractice by informing the Court of Plaintiff's attempts at loss mitigation for the Investment Property mortgage.  None of those acts constitute attorney negligence.  All those acts fall under the umbrella of an attorney selecting one of several reasonable courses of action notwithstanding Plaintiff may disagree with [Defendant's] or Shadood's strategy.  Further, [Defendant's] and Shadood's refusal to object to the Proofs of Claim and Lift-Stay Motion clearly is not malpractice because this Court rejected Plaintiff's objections to the Proofs of Claim and the Lift-Stay Motion.  *See* Memorandum and Decision, November 15, 2021, Bankruptcy 19-46591, ECF No. 264.  Therefore, Plaintiff cannot establish that but for her attorneys' negligence, Plaintiff would have achieved a favorable outcome.

First Mem. Decision 39, ECF No. 143.  Accordingly, the Court already determined as a matter of law that most of the allegations set forth in Plaintiff's objections to the Motion for Summary Judgement do not support a claim for attorney malpractice.

Respecting Plaintiff's claims that errors in her schedules were negligent, the Court stated in the First Memorandum Decision regarding Plaintiff's malpractice claim against Hanin Shadood that:

> Plaintiff complains Shadood committed malpractice by making errors on Plaintiff's bankruptcy schedules and simultaneously working for the chapter 13 Trustee.  The alleged errors in the schedules did not cause the breakdown of loss mitigation, the demise of Plaintiff's chapter 13 case, or the Court's rejection of Plaintiff's objections to the Proofs of Claim or the Lift-Stay Motion.  . . .  As there is no causal relationship between the alleged acts and Plaintiff's damages, those acts do not support a claim for malpractice against Shadood.

*Id*. at 40.  For the same reasons, the alleged errors in Plaintiff's bankruptcy schedules do not constitute attorney malpractice by Defendant.

Plaintiff asserts Defendant committed malpractice by failing to supervise his staff, who, in turn, failed to answer her questions promptly or accurately.  Assuming those allegations are true (and Plaintiff has not proven that to be the case), Plaintiff has failed to introduce any evidence that the alleged negligent conduct caused Plaintiff's injury.  As a result of her dissatisfaction with Defendant and his employees, Plaintiff fired Defendant's firm and proceeded *pro se*.  Plaintiff's injuries - including Plaintiff's loss of her real properties and her rights to receive the proceeds of her personal injury action - were caused by Plaintiff's termination of her trial loan modification, her pursuit of claims against the mortgagees and mortgage servicers that had no basis in law, and her voluntary conversion of her case from chapter 13 to chapter 7.  Those intervening events cut off any causal relationship between the alleged negligent acts and Plaintiff's injuries.

Concerning the Maryland consent decree, although the decree indicates Defendant may have violated Maryland law (although there is no admission of liability), the decree is not evidence of any wrongdoing or negligence in connection with Defendant's representation of Plaintiff.

27

Defendant's failure to promptly amend the chapter 13 plan once Plaintiff obtained a trial modification was negligent.  The error caused the Defendant to pay inflated plan payments for September and October 2020.  Def.'s Mem. of Law 9, ECF No. 242.  The Plaintiff, however, received a refund of the plan payments from the chapter 13 trustee, net of the chapter 13 trustee commissions.  *Id*.  Defendant's counsel claims he is holding the $788.16 in chapter 13 trustee commissions in his IOLA account and is ready to refund those amounts to the Plaintiff once the Court so directs.  *Id*.  Defendant is directed to remit those amounts to Plaintiff within fourteen days of entry of this decision.

## CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment is granted and Plaintiff's malpractice claim is dismissed with prejudice.  Defendant shall submit a proposed order, within 14 days of entry of this decision, that grants Defendant's motion and directs Defendant to remit $788.16 to Plaintiff.

### III. DECISION DIRECTING DEFENDANT
### TO DISGORGE ATTORNEYS' FEES

a. Additional Background Concerning the Fees Paid to Defendant

Defendant admits he billed the Plaintiff post-petition beginning in December 2019 due to office error and collected $14,500 in legal fees.  Def.'s Mem. of Law 11, ECF No. 242; Aff. of Darren Aronow¶ 18, ECF No. 242-1.  Defendant, however refunded $13,065 to Plaintiff.  Def.'s Mem. of Law 12, ECF No. 242.  The refund check to Plaintiff was accompanied by a letter (the "Release Letter") stating:

> Pursuant to your letter dated February 9, 2021, enclosed is your requested fees of $13,065.  By depositing this check, you agree to withdrawal any and all legal issues with Darren Aronow, Aronow Law, PC, Hanin Shadood and any other related parties immediately.  Further you understand and acknowledge that this is not an admission of liability; that you accept the return of monies instead of litigation between the parties; and that we will not be included in the remainder of

28

the adversarial proceeding case that you filed.  If you disagree with the aforementioned, please return the check to our office.

Def.'s Mem. of Law Ex. 4, ECF No. 242-5.  Defendant argues Plaintiff's claims must be dismissed because "[a]settlement, when made knowingly and voluntarily, amounts to a binding and enforceable contract."  Aff. of Darren Aronow ¶ 12, ECF No. 242-1.

Defendant also argues the $1,435 difference between the $14,500 in fees and the $13,065 refund represents the expenses paid by his firm, including the filing fee, credit report fees and credit counseling fees in addition to normal overhead costs."  Def.'s Mem. of Law 12 ECF No. 242.  Defendant does not itemize the fees and costs.  Defendant submits that the Court should not direct him to disgorge those fees because they are contemplated by the retainer agreement between Plaintiff and Defendant.  *Id.*

b. Legal Standards Concerning Attorneys' Fees in chapter 13 Cases

Bankruptcy Code section 330(a) permits the court to award to a professional person employed under Bankruptcy Code section 327 reasonable compensation for actual, necessary services rendered by the professional person and reimbursement for actual, necessary expenses. Bankruptcy Code section 330(b)(4)(b) states:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C.S. § 330.  Counsel for a chapter 13 debtor is not required to obtain bankruptcy court approval of her employment by the debtor.  *In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D.N.Y. 2012).  "Rather, a chapter 13 debtor has the right to employ counsel so long as the following two requirements are met: 1) the need to disclose compensation paid or agreed to be paid pursuant to

section 329 and 2) the need for approval of post-petition payments from property of the estate pursuant to section 330(a)(4)(B)."  *Id.*

c. Legal Standards Related to the Release

A defendant bears the initial burden of establishing that it has been released from any claims.  *Gorunkati v. Baker Sanders*, *LLC*, 179 A.D.3d 904, 906, 117 N.Y.S.3d 291 (App. Div. 2d Dep't 2020).  The New York Rule of Professional Conduct may limit the effectiveness of a release obtained by an attorney from a client.  Specifically, Rule 1.8(h)(2) states:

> "a lawyer shall not . . . (2) settle a claim or potential claim for [malpractice] liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking, and is given a reasonable opportunity to seek, the advice of independent legal counsel in connection therewith."

22 NYCRR 1200.0 R. 1.8(h)(2).  "[A] release obtained in violation of a disciplinary rule should not serve to shield a lawyer from liability before the facts and circumstances surrounding the execution of the document are fully examined."  *Swift v. Choe*, 242 A.D.2d 188, 192, 674 N.Y.S.2d 17 (App. Div. 1st Dep't. 1998) (internal citations omitted).

d. Application of Legal Standards

Defendant is not permitted to retain the fees because Plaintiff has not complied with Bankruptcy Code section 330.  Defendant collected his fees from property of the chapter 13 estate without obtaining prior bankruptcy court approval.  Accordingly, Counsel is not permitted to retain those payments.

The Release Letter does not advise Plaintiff of the desirability of seeking the advice of independent counsel.  Release Letter, ECF No. 242-5.  Defendant has not provided the Court with facts justifying the enforcement of a release that violates Rule 1.8(h)(2).  Therefore, Defendant has failed to satisfy his initial burden of establishing that Plaintiff released her claim to seek a refund of the $1,435.00.

## **<u>CONCLUSION</u>**

Notwithstanding that the Court has granted Defendant's motion for summary judgment, Defendant is not entitled to retain any portion of the professional fees collected. Defendant shall submit a proposed order, within 14 days of entry of this decision, that directs Defendant to remit $1,435.00 to Plaintiff.



Dated: November 27, 2024
        Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge